UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTIN AKEEM DANIEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:09-CV-360 CAS |
| MICHAEL HAKALA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Martin Akeem Daniel (registration no. 1082993), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. 2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.90. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### *28 U.S.C. § 1915(b)(1)*

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $44.50, and an average monthly balance of $3.06. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.90, which is 20 percent of plaintiff's average monthly deposit.

### *28 U.S.C. § 1915(e)*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### *The Complaint*

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Michael Hakala (Physician, Correctional Medical Services), Larry Crawford (Director, Missouri Department of Corrections), Steve Larkins (Warden, ERDCC), Stan Payne (unknown employee, ERDCC), Nicole Gannon (Nurse, CMS), Unknown Reeves (same), Timothy McCauley (same), Tara Adams (same), Jerry Bingham (unknown employee, ERDCC), John Bain (unknown employee, ERDCC), Terry Webb (unknown employee, ERDCC), Jason Royle (unknown employee, ERDCC), Unknown Wilfong (Correctional Officer, ERDCC) John Doe (Sergeant, 3rd Shift, ERDCC), Unknown Hamlett (Correctional Officer, ERDCC), Unknown Fox (same), Unknown Bowers (same), Unknown Williams (same), Unknown Neel (same), Unknown Kearns (same), Unknown Grambly (same), Unknown Shaffner (same), Unknown Gaston (same) Unknown Dagonia (same), Unknown Williamson (same), Unknown Dickey (same), Unknown Huffman (same), Unknown Brawley (same), Unknown Grubbs (Functional Unit Manager, ERDCC), Unknown Dement (Clinical Caseworker, ERDCC), Unknown Perry (Correctional Officer, ERDCC), Unknown Shoemaker (same), John Doe (same), and Brian Davis (same). The complaint seeks monetary and injunctive relief.

Plaintiff alleges that defendant Hakala lied to plaintiff by telling plaintiff that his hernia was gone. Plaintiff says that he was seen by defendants Gannon and Reeves on October 29, 2008, who told plaintiff that his stomach was slightly swollen and that they would put in a request for plaintiff to see a doctor. Plaintiff claims that he was never taken back to medical to see a doctor. Plaintiff says that he told the ERDCC defendants about his medical problems but that they never attempted to correct the problem with CMS. Plaintiff alleges that defendants Adams and McCauley refused to

give him any treatment for "hernia pain." Plaintiff claims that he filed grievances but that they went missing.

*Discussion*

The complaint is silent as to whether the ERDCC defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted as to the ERDCC defendants.

The complaint is silent as to whether the CMS defendants are being sued in their official or individual capacities. To state a claim against CMS, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of CMS was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to the CMS defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $8.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for preliminary injunctions are **DENIED** as moot. [Docs. 3 and 7]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of June, 2009.